UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARINA LIZBETH SUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>In his official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 26-0814 (CRC) |

**DEFENDANTS' CONSENT MOTION TO TRANSFER AND MEMORANDUM IN SUPPORT THEREOF**

By and through undersigned counsel, Defendant Markwayne Mullin, in his official capacity as Secretary of Homeland Security, and Defendant United States Citizenship and Immigration Services ("USCIS"), hereby move to transfer this action pursuant to 28 U.S.C. § 1404 to the District of Maryland (the "Transferee District"). USCIS headquarters is located at 5900 Capital Gateway Drive, Camps Springs, Maryland.

Pursuant to Local Civil Rule 7(m), undersigned counsel consulted with counsel for Plaintiff, Adam Malik, regarding the relief requested in this motion to transfer and he kindly assented.

Pursuant to 28 U.S.C. § 1404(a) this Court may transfer a civil action to any other district or division where it might have been brought or to any other district or division to which the parties have consented.

**DISCUSSION**

Plaintiff, who resides in Haltom City, Texas seeks to compel USCIS to act on an immigration matter. *See generally* Compl. On January 14, 2026, USCIS denied Plaintiff's Form

I-601A, Application for a Provisional Unlawful Presence Waiver, on the grounds that she had not established that she would not be inadmissible due to her failure to appear at an August 31, 2001 removal hearing where she was ordered removed in absentia. *Id.* at 6. Plaintiff contends that upon departure from the United States for a consular visa interview, she would not be inadmissible under INA § 212(a)(6)(B) because she did not fail to appear at an August 31, 2001, removal hearing. *Id.* at 8.

For the reasons discussed below, the Court should transfer this action to the Transferee District pursuant to 28 U.S.C. § 1404 and extend Defendants' time to answer or otherwise respond to the Complaint pursuant to Federal Rule of Civil Procedure 6 to ensure that Defendants' new counsel after a transfer has at least 21 days to discuss this matter with relevant agency personnel and formulate an appropriate response.

## I. THE COURT SHOULD TRANSFER THIS ACTION.

A case may be transferred to any district where venue is also proper "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (quotation marks omitted). "Thus, transfer . . . must . . . be justified by particular circumstances that render the transferor forum inappropriate by reference to the considerations specified in that statute." *Id.* (quotation marks omitted). "The movant bears the burden of persuasion that transfer of an action is proper." *Id.*

This case presents a controversy with no meaningful connection to the District of Columbia. Plaintiff is a resident of the Northern District of Texas and USCIS is headquartered in

Maryland. Since there is no meaningful connection to this district, the Court should transfer this case to the Transferee District, where USCIS is located. Further, the parties consent to the transfer.

**A. <u>This Case Could Have Been Brought in the Transferee District.</u>**

"The first step in resolving a motion for transfer of venue under § 1404(a) is to determine whether the proposed transferee district is one where the action 'might have been brought.'" *Ctr. for Env't Sci.*, 75 F. Supp. 3d at 356. "In actions raising a federal question by naming as a defendant a federal agency or United States official in his or her official capacity, venue is proper in any judicial district where (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) a plaintiff resides if no real property is involved in the action." *Id.* (quoting 28 U.S.C. § 1391(e)(1)) (quotation marks omitted). Here, USCIS is located in the Transferee District. Thus, this case "might have been brought" in the District of Maryland.

**B. <u>The Relevant Factors Support Transferring this Case to the Transferee District.</u>**

After resolving the threshold inquiry, the Court must turn to the core of the matter, namely whether the case is more conveniently handled in the Transferee District rather than this District. This inquiry requires the Court to "weigh the public and private interests." *McAfee LLC v. USCIS*, Civ. A. No. 19-2981 (DLF), 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). In weighing transfer, "the Court considers the following private interest factors: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties, (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017) (Kollar-

Kotelly, J.). There are three public interest factors that the Court must also consider in assessing a request to transfer: "(1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308 (quotation marks omitted). Under these factors, a transfer is appropriate.

*First*, Plaintiff does not reside in the District of Columbia and does not claim that any relevant factual events occurred in the District of Columbia. In such circumstances, "[t]his factor . . . provides little if any support for maintaining venue in the District of Columbia." *Bourdon*, 235 F. Supp. 3d at 305; *see also, e.g., Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020) (Contreras, J.).

*Second*, Defendant USCIS is headquartered in Maryland.

*Third*, Plaintiff's injuries (if any) are felt by Plaintiff in the Transferee District making the local connection to that district strong, as she is complaining of actions of USCIS, which is located in Maryland. *See, e.g., Pres. Soc. of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012) (Boasberg, J.) (factor favored transfer "[b]ecause any potential impacts are to be felt locally").

*Fourth, and lastly*, none of the events directly underlying Plaintiff's claims occurred in this District.

The remaining factors—the locus of the claims, the congestion of the courts, and the transferee court's familiarity with the law—are all neutral or not germane to this dispute. The claim did not arise in this District. There can be no dispute that each District (this District and the Transferee District) faces congested dockets. *See* U.S. District Court—Caseload Statistics Data

Tables, available at https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables (latest Table C-5, Median Time from Filing to Disposition of Civil Cases by Action Taken). And there is no reason to suspect that any federal district court is unfamiliar with federal immigration law. *See W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (Bates, J.) ("Judges in both districts are presumed to be equally familiar with the federal laws governing this dispute, and thus this factor is not germane[.]").

Accordingly, after balancing the relevant factors, the Court should transfer this case to the Transferee District.

## II. THE COURT SHOULD EXTEND DEFENDANTS' TIME TO RESPOND.

Upon transfer, this case will be handled by another Assistant United States Attorney in the Transferee District. To allow that attorney sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiff's Complaint, the Court should extend Defendants' time to respond to the Complaint until 21 days after this action is docketed in the Transferee District. This extension is not sought for delay. Moreover, granting the extension will prejudice no party.

Dated: June 17, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KARINA LIZBETH SUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>In his official capacity as Secretary of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 26-0814 (CRC) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' consent motion to transfer and extend, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED;

ORDERED that the Clerk of the Court shall transfer this action to the United States District Court for the District of Maryland; and it is further

ORDERED that Defendants' time to respond to the complaint is extended through, and including, 21 days after this action is docketed in the transferee district.

SO ORDERED:

__________________
Date

______________________________
CHRISTOPHER R. COOPER
United States District Judge